NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VANESSA LYNN RODRIGUEZ,

        Petitioner-Appellant,

  v.

RYAN THORNELL, Director, Arizona
Department of Corrections; ATTORNEY
GENERAL FOR THE STATE OF
ARIZONA,

        Respondents-Appellees,

No. 22-16297

D.C. No. 4:20-cv-00068-DTF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
D. Thomas Ferraro, Magistrate Judge, Presiding

Argued and Submitted September 12, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,[**]
District Judge.

Petitioner Vanessa Lynn Rodriguez appeals from the district court's denial

of her petition for a writ of habeas corpus challenging her convictions in Arizona

state court for armed robbery, aggravated robbery, and kidnapping. Rodriguez

contends that she is entitled to habeas relief on the ground that her defense counsel

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

rendered constitutionally ineffective assistance at her state court trial. A panel of this court granted a certificate of appealability, limited to the question of "whether trial counsel was ineffective for failing to move to suppress [her] post-arrest statements." We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a). We affirm.

1. In the district court, Rodriguez filed a motion to expand the record to include the following items relating to the police investigation and to her arrest and questioning: (1) Officer Brady's supplemental notes; (2) a police-generated event chronology labeled "E133160971"; (3) a transcript of an interview of Officer Brady; (4) Officer Schrage's supplemental notes; (5) a transcript of an interview of Officer Schrage; (6) Officer Schneider's supplemental notes; and (7) a transcript of an interview of Detective Barber. Items (1), (2), and (6), and excerpts of item (7) were submitted to the state court in connection with a motion for reconsideration, and the parties agreed at oral argument that the Arizona Court of Appeals held, in the alternative, that (1) these documents had not been properly submitted in accordance with state law; and (2) in any event, these documents would not make a difference to the outcome. Items (3), (4), and (5), by contrast, had not been presented to the state court in any form. The district court denied Rodriguez's motion to expand the record and declined to consider these documents in evaluating Rodriguez's claims.

We agree that the district court did not abuse its discretion in declining to

consider the subset of documents—items (3), (4), (5), and the additional portions of item (7)—that had not been presented to the state court at all. *See Djerf v. Ryan*, 931 F.3d 870, 884 (9th Cir. 2019) (stating that a district court's denial of a motion to expand the record is reviewed for abuse of discretion). Because "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), we cannot consider these new materials. However, the parties vigorously dispute whether the district court should have considered the remaining items, which were presented to the state court only in connection with the reconsideration motion, but we need not resolve this issue. As noted, both sides agree that the state court, in the alternative, took these latter items into consideration and held that they would make no difference. Because we conclude, under our de novo review of the district court's ruling, *see Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007), that this alternative ruling of the state court must be upheld under the deferential standards of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), we need not decide whether the district court here properly declined to consider these latter documents.

2. Here, we consider both the Arizona Court of Appeals' opinion and the decision of the lower court to the extent that the state appellate court adopted its analysis. *See Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007).

3

a. The state court's decision was not based on an "unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2). Rodriguez contends that, under *Brumfield v. Cain*, 576 U.S. 305 (2015), she made a sufficient showing to require an evidentiary hearing for her state-court postconviction petition and that, as a result, the state court's failure to grant her a hearing "resulted in an unreasonable determination of the facts" for purposes of § 2254(d)(2). *See id*. at 322. We reject this contention. Rodriguez's postconviction petition failed to present sufficient facts to require an evidentiary hearing as to whether she was in custody when she spoke with Officer Brady. As to her argument that the state court should have held a hearing as to whether Barber threatened to have her child taken away, the state court properly noted that Rodriguez had not presented any evidence that she had relayed such a claim to her counsel for use in a motion to suppress. And Rodriguez did not otherwise make a sufficient showing that a hearing was necessary to assess whether counsel acted reasonably in not filing a motion to suppress. *See Brumfield*, 576 U.S. at 322; *State v. Amaral*, 368 P.3d 925, 928 (Ariz. 2016).

b. The state court did not unreasonably apply *Strickland* when it denied Rodriguez's claim that her trial counsel was ineffective for failing to move to suppress statements she made to Officer Brady. Under *Strickland v. Washington*, 466 U.S. 668 (1984), the defendant must show that an attorney's performance falls

"below an objective standard of reasonableness." *Id*. at 687–88. And under *Miranda v. Arizona*, 384 U.S. 436 (1966), un-Mirandized statements obtained during questioning may be suppressed only if a person was "in custody." *Id*. at 445. The state courts reasonably concluded that, under all the circumstances, Rodriguez was not "in custody" when she made statements to Officer Brady given that a reasonable person in her situation would have felt free to terminate the questioning. *See Howes v. Fields*, 565 U.S. 499, 508–09 (2012). Because Rodriguez had no colorable claim that her *Miranda* rights were violated, her counsel could not be considered ineffective for failing to file a groundless motion. *See Martinez v. Ryan*, 926 F.3d 1215, 1226 (9th Cir. 2019).

   c. Rodriguez conceded at oral argument that, if her *Miranda* claim vis-à-vis Officer Brady failed, then her claim that the subsequent Mirandized interrogation by Detective Barber violated *Missouri v. Seibert*, 542 U.S. 600 (2004), would also fail. Because Rodriguez's opening brief raises no ground other than *Miranda* and *Seibert* for contending that her trial counsel was ineffective in failing to move to suppress her statements to Detective Barber, the state court reasonably rejected her ineffective assistance claim vis-à-vis Detective Barber.

   **AFFIRMED.**

5